UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP TRAGALE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WITTER, et al.,<br><br>　　　　　　Defendants. | Case No. 3:13-cv-00555-MMD-VPC<br><br>ORDER |

This prisoner civil rights action comes before the Court on plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) and for initial review under 28 U.S.C. § 1915A. The Court finds that plaintiff is unable to pay a significant initial partial filing fee toward the full filing pursuant to 28 U.S.C. § 1915(b)(1). The application to proceed *in forma pauperis* therefore will be granted, subject to the remaining provisions herein. The Court thus proceeds to initial review.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for

purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint (dkt. no. 1-1), plaintiff Philip Tragale alleges that he was deprived of personal property without due process of law in violation of the Fifth Amendment when the two defendant correctional officers allegedly arbitrarily and capriciously disposed of his personal property. He alleges that sundry personal property items, such as a set of dominos, were misplaced or disposed of during a cell move from general population to administrative segregation. Plaintiff seeks compensatory and

punitive damages together with declaratory relief from the defendants in both their official and individual capacity.

The complaint fails to state a claim upon which relief may be granted. There is no federal constitutional due process claim for alleged arbitrary or capricious destruction or loss of property, due to the availability of state post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 528 n.8 & 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327(1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243. The complaint therefore seeks to pursue a federal constitutional claim that does not arise in this context due to the availability of state law property loss claims. The Court finds that delaying dismissal for amendment would be futile, given that plaintiff is seeking to pursue a constitutional claim that simply does not exist in this context.

It is therefore ordered that that the application to proceed *in forma pauperis* (dkt. no. 1) is granted, subject to the remaining provisions herein. Plaintiff shall not be required to pay an initial partial filing fee. However, even if the action is dismissed, plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk of Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk shall file the complaint and that this action shall be dismissed for failure to state a claim upon which relief may be granted. This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall enter final judgment accordingly in favor of defendants and against plaintiff, dismissing this action for failure to state a claim upon which relief may be granted.

DATED THIS 24th day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE